Dorothy HICKS, Plaintiff–Appellant,

v.

Robert E. RUBIN, Secretary of the Treasury (Internal Revenue Service), Defendant–Appellee.

No. 00–6079.

United States Court of Appeals, Second Circuit.

March 20, 2001.

Sandra D. Parker, Winston & Parker, LLP, New York, NY, for appellant.

Philip J. Miller, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Varuni Nelson, Susan L. Riley, and Stephen Reigel, Assistant United States Attorneys, of counsel, Brooklyn, NY, for appellee.

Present McLAUGHLIN and SACK, Circuit Judges, and CHATIGNY,* District Judge.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Dorothy Hicks appeals the judgment of the United States District Court for the Eastern District of New York (Melançon, *J.*, sitting by designation) granting summary judgment to defendant Robert E. Rubin pursuant to Fed. R.Civ.P. 56.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the appellant, who was the non-moving party below. *See Tenenbaum v. Williams,*

---

* Of the United States District Court for the District of Connecticut, sitting by designation.

193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000).

Hicks, an African–American woman, worked as a Revenue Agent for the Internal Revenue Service from October 1984 to June 1997. She alleges that from 1991 through 1995 she was subjected to discrimination by a series of supervisors consisting of, in turn: Denis Bricker, Stanley Lottman, Pearl Roberts, and Edgar James. Bricker and Lottman are Caucasian, and Roberts and James are African American. The discriminatory behavior these supervisors are alleged to have engaged in includes: consistently monitoring Hicks' activities; conducting too many workload reviews and holding on to her cases for excessive periods after the reviews were complete; assigning her a disproportionate workload; and admonishing her for behavior for which her co-workers were not rebuked. She also alleges that Bricker spilled ink on her without apologizing, and that Roberts refused to allow her time during the workday to attend to "EEO activity," in violation of Hicks' union contract. Further, she claims that she was twice denied promotions to which she was entitled, one in 1991 and one in 1995. Finally, Hicks alleges that Roberts twice caused her to be suspended for discriminatory reasons.

Hicks filed a total of 12 informal and at least 3 formal complaints of discrimination with the Equal Employment Opportunity Commission. She claims that some of her supervisors' alleged conduct was in retaliation for those complaints, as was her transfer in March 1992 from Bricker's work group to a training group supervised by Lottman.

Hicks stopped working in September 15, 1995, apparently because of health problems, but remained an IRS employee until June 1997. She filed the instant complaint in June 1996 alleging discrimination on the basis of race, sex, religion, age, and mental disability in violation of Title VII of the Civil Rights Act, 42 U.S .C. § 2000 *et seq.,* the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*[1] On defendant's motion for summary judgment, the district court dismissed all of Hicks' claims. On appeal, Hicks challenges only the dismissal of the Title VII racial discrimination claims alleging (1) adverse employment actions, (2) a hostile work environment, and (3) retaliation for activity protected under Title VII.

To defeat a motion for summary judgment on a claim of discriminatory treatment under Title VII, a plaintiff must first establish a *prima facie* case by showing (1) that she was a member of a protected class, (2) that she was performing her duties satisfactorily, and (3) that she was subjected to an adverse employment action (4) in circumstances giving rise to an inference of discrimination. *See McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir. 1997); *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000). If the plaintiff makes out a *prima facie* case, the employer has the burden of articulating "a legitimate, nondiscriminatory reason" for the discharge. *Reeves,* 120 S.Ct. at 2106. If the defendant does so, the plaintiff must "prove by a preponderance of the evidence ... that the employer's proffered explanation is unworthy of credence." *Id.*

■ The only instance of disparate treatment Hicks raised before the district court was the defendant's failure to pro-

---

1. The complaint also included claims under 42 U.S.C. § 1981 and New York state law, but Hicks conceded that the district court lacked jurisdiction over them.

mote her. The district court assumed that Hicks had met her *prima facie* burden on that claim but found that the defendant had a legitimate, non-discriminatory reason for not promoting her and that Hicks had not shown that reason to be pretextual. We agree. Promotions within the IRS division in which Hicks worked are determined in part by the assessment of applications by a "ratings panel." Hicks admits that she did not receive a high score from the panel. Moreover, Bricker and James, her supervisors when she applied for the promotions, both "signed off" on the applications. On this record, there is no basis for concluding that the low ratings were a pretext and that Hicks was denied a promotion for discriminatory reasons.

On appeal, Hicks contends that other alleged behavior by her supervisors—including the constant monitoring, the transfer from Bricker's group to Lottman's, negative performance reviews, excessive workload reviews, and assorted rebukes and suspensions—collectively constituted an adverse and discriminatory employment action barred by Title VII. Hicks did not raise this argument below and we need not consider it here. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). We would affirm even if the issue were properly before us, however, because Hicks' newly raised argument fails even to make out a *prima facie* case of discrimination. First, most of the alleged actions, such as constant monitoring and workload reviews, do not as a matter of law constitute materially adverse employment actions for Title VII purposes. *See Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 443 (2d Cir.1999). Second, there is no evidence that any of the supervisors' actions were racially motivated. The reprimands and suspensions occurring under Roberts' supervision, for example, were carefully reviewed by the IRS's district director and thus appear to have been objectively justified. Moreover, there is no evidence that any supervisor made racially derogatory remarks or gave other overt indications of discriminatory treatment. Even more telling, each of her supervisors oversaw the work of other African Americans and other minorities but did not subject them to the same treatment to which Hicks was allegedly subjected. Hicks stated in a deposition that Bricker and Lottman each had at least one informal "EEO complaint" filed against them, but did not know the nature of the allegations and produced no other evidence of the complaints. In the absence of any other evidence of "circumstances giving rise to an inference of discrimination," summary judgment was properly granted. *McLee*, 109 F.3d at 134; *see Austin v. Ford Models, Inc.*, 149 F.3d 148, 154 (2d Cir.1998).

For the same reason, we affirm the district court's dismissal of Hicks' hostile environment claim. To prevail on such a claim under Title VII, a plaintiff must show not only that the working environment is pervasively hostile or abusive, but also that the conduct creating that atmosphere "actually constituted 'discrimina[tion] ... because of ... [race].'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (first alteration in original; citation omitted). As noted, we agree with the district court's finding that Hicks failed to show that her supervisors' conduct toward her was motivated by her race.

Hicks' final argument on appeal is that the district court erred in dismissing her retaliation claim. As with a claim of disparate treatment, summary judgment is proper on a retaliation claim if the plaintiff fails to make out a *prima facie* case or if

the employer demonstrates a legitimate reason for the allegedly retaliatory conduct and the plaintiff fails to rebut it. *See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 768–69 (2d Cir.1998). A *prima facie* case of retaliation consists of evidence of participation in a protected activity known to the defendant; an employment action disadvantaging the plaintiff; and a causal connection between the two. *Id.* at 769.

■ Before the district court, Hicks claimed that the retaliation against her consisted of (1) Lottman's concealment from Hicks of an adverse memorandum criticizing her use of two desks; (2) Roberts' giving her short notice before performing a workload review; and (3) her transfer from Bricker's group to Lottman's training group. The district court found that, even if these actions were causally linked to protected activity, none amounted to an adverse employment action sufficient to support a claim of retaliation. We agree. The first two acts are simply too trivial to constitute a materially adverse change in the terms or conditions of her employment. *See Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000). The district court also correctly concluded that Hicks failed to show that her transfer to Lottman's group was at all related to protected activity. The transfer corresponded to a shift in the focus of Bricker's group, and at least two other members of that group, one of them a white male, were transferred to Lottman's training group along with Hicks.

Hicks now claims that several other actions by her supervisors were also taken in retaliation for her EEOC complaints. Beyond the three specific acts of retaliation discussed above, none of this conduct was portrayed as retaliatory before the district court, which consequently did not consider whether these acts were sufficiently ad-

verse or causally linked to Hicks' protected activity. We decline to consider those questions for the first time on appeal. *See Singleton,* 428 U.S. at 121.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.